UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR J. DIETRICH,

            Plaintiff,         Civil Action No. 16-11071
                                    Honorable Sean F. Cox
v.                                   Magistrate Judge David R. Grand

BASIL T. SIMON,

            Defendant.
_____/

**<u>REPORT AND RECOMMENDATION TO</u>**
**<u>GRANT DEFENDANT'S MOTION TO DISMISS [10]</u>**

Before the Court is a Motion to Dismiss filed by Defendant Basil T. Simon ("Simon") on May 27, 2016. (Doc. #10). On June 24, 2016, *pro se* Plaintiff Edgar Dietrich ("Dietrich") filed a response this motion. (Doc. #14). Simon and Dietrich both filed supplemental briefs in support of their positions on August 11, 2016, and August 22, 2016, respectively. (Docs. #17, 18). An Order of Reference was entered on July 26, 2016, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #15).

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Simon's Motion to Dismiss [**10**] be **GRANTED**.

**II.   REPORT**

    **A.   Factual Background**

Dietrich is a disbarred attorney who filed this action against Simon in his capacity as

"Trustee, receiver and individually" on March 18, 2016. (Doc. #1 at 1). In his complaint, Dietrich acknowledges that, in 2005, Peter Tiernan, M.D. ("Tiernan") obtained an $11 million legal malpractice judgment against him. (*Id.* at ¶15). As a result, Tiernan (and others) successfully petitioned Wayne County Circuit Court Judge Stempien to put Le Chateau Art Gallery & Custom Framing, LLC (the "Gallery") – which was owned by the Dietrich Family Irrevocable Trust and managed by Dietrich – into receivership based on Judge Stempien's finding that the Gallery was being "utilized as a vehicle for transferring and hiding property which could be used to satisfy the Judgment." (Doc. #1 at ¶25; Doc. #10-1 at 2). On August 26, 2013, Judge Stempien entered an order appointing Simon the receiver of the Gallery to serve as "the agent of [the] Court … with full powers as Receiver over [the Gallery] and all of [its] businesses, assets and property...." (Doc. #1 at ¶29; Doc. #10-1 at 3). Additionally, in an apparent attempt to stop the receivership, Dietrich filed a Chapter 7 bankruptcy petition on August 21, 2013. (Doc. #1 at ¶24). Simon also is the duly acting and qualified Chapter 7 trustee of Dietrich's bankruptcy case. (*Id.* at ¶13).

During the receivership, and pursuant to the Wayne County Circuit Court's orders, Simon apparently liquidated the Gallery's assets and accounted for the receipt of the proceeds of such sales to the Wayne County Circuit Court. In his complaint, Dietrich alleges that Simon "has stolen or converted" these assets, "without regard for right or legal authority." (*Id.* at 1). More specifically, Dietrich alleges that Simon "illegally and improperly seized **all** property and fixtures" in the Gallery; "changed the locks" on the Gallery and barred him from the premises; and subsequently sold "or stole[] and never accounted for" the assets seized. (*Id.* at ¶¶88, 89, 90

(emphasis in original)). In his sole remaining claim before this Court,[1] Dietrich alleges that, in taking these actions, Simon violated his Fourth Amendment right to be free from unreasonable seizures. (*Id.* at ¶93).

**B.     Analysis**

In his motion, Simon asserts that Dietrich's remaining claim should be dismissed for lack of subject matter jurisdiction, pursuant to the *Barton* Doctrine, because Dietrich did not seek leave of court from either the Wayne County Circuit Court or the United States Bankruptcy Court to sue Simon in his capacity as receiver or trustee.[2] (Doc. #10 at 9-10). For the reasons set forth in detail below, the Court agrees that the *Barton* doctrine applies and bars Dietrich's claim against Simon.

Fed. R. Civ. P. 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleadings, taking all allegations in the complaint as true. *Id.* Conversely, where subject matter jurisdiction is factually attacked, as is the case here, the plaintiff "bears the burden of proving jurisdiction to survive the motion, and 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Harris-Orr v. Ruskin*, 2005 WL

---

[1] On May 5, 2016, the District Court issued an order declining to exercise supplemental jurisdiction over Dietrich's state law claims, and dismissing those claims without prejudice. (Doc. #6).

[2] Simon makes several other arguments in his motion to dismiss – namely, that he is immune from liability, that Dietrich's claim is barred by the *Rooker-Feldman* doctrine, that Dietrich lacks standing to bring a claim on behalf of the Gallery, that Dietrich's claim is barred by *res judicata*, and that Dietrich fails to state a Fourth Amendment claim. (Doc. #10). Because the Court finds that it lacks subject matter jurisdiction, however, it declines to consider the merits of these arguments.

2397011, at *1 (E.D. Mich. Sept. 27, 2005) (quoting *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).  In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *RMI Titanium Co.*, 78 F.3d at 1134 (internal quotations omitted).

As set forth above, Simon argues that this Court does not have jurisdiction over Dietrich's remaining claim because he failed to obtain leave of court from either the Wayne County Circuit Court or the Bankruptcy Court before filing his complaint in this court.  (Doc. #10 at 9-10).  Under the doctrine established in *Barton v. Barbour*, 104 U.S. 126, 127 (1881), "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained."  Moreover, the *Barton* Doctrine has been extended to apply to bankruptcy trustees.  *See, e.g., In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) ("It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.").  "Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the receiver [or bankruptcy trustee] in another court must be dismissed for lack of subject matter jurisdiction."  *See Patco v. Energy Express, LLC v. Lambros*, 353 F. App'x 379, 381 (11th Cir. 2009).

Dietrich does not dispute that he failed to obtain leave of court from the Wayne County Circuit Court or Bankruptcy Court prior to bringing the instant action.  Rather, he contends that the *Barton* Doctrine does not apply because Simon allegedly "is guilty of outright theft of Plaintiff's and third party property and misstatement of facts in order to accrue enormous illegal

4

fees for himself and his cohorts." (Doc. #14 at 2).[3] Dietrich similarly asserts that the *Barton* Doctrine does not bar his Fourth Amendment claim because Simon "is seizing, administrating and selling property belonging to third parties on a totally illegal basis to amass fees which he is paying to himself, his firm and his accountant." (*Id.* at 6). Finally, Dietrich asserts that he "does not need to seek leave from the Wayne County Circuit Court since suit is being brought against Simon for his acts as Trustee which have been larcenous, illegal, improper and totally in disregard of the rights of Third Parties. [sic] and within the meaning of 28 USC §959(a)." (*Id.* at 14). These arguments lack merit.

Dietrich cites no case law for the proposition that he can avoid application of the *Barton* Doctrine simply by alleging that Simon acted illegally. Moreover, a review of the Wayne County Circuit Court's August 26, 2013 Order appointing the receiver makes clear that Simon was specifically authorized by that court to take the very actions about which Dietrich now complains. (Doc. #10-1). For example, that Order granted Simon "all powers and authority conferred by Michigan statutes and case law," including, in relevant part, the powers to: "change any and all locks" on the Gallery and "if appropriate, limit access to some or all" of the property; "take possession of, manage, maintain, preserve, and safeguard" the Gallery; and "proceed to liquidate the assets" of the Gallery "and apply the proceeds" to satisfy the outstanding judgment. (*Id.*).

In light of the foregoing, it cannot reasonably be disputed that Dietrich seeks relief

---

[3] Dietrich also argues in response to Simon's motion to dismiss that Judge Cox has already "issued an order" holding that his Fourth Amendment claim against Simon "should go forward." (Doc. #14 at 1). This is not the case. Rather, in his May 5, 2016 Order, Judge Cox merely declined to exercise supplemental jurisdiction over Dietrich's state law claims. (Doc. #6). Judge Cox did not pass on the merits of Dietrich's Fourth Amendment claim, and certainly did not determine that Simon "violated the Fourth Amendment to the U.S. Constitution," as Dietrich asserts. (Doc. #14 at 9).

5

against Simon based on actions Simon undertook as receiver at the direction of, and with the approval of, the Wayne County Circuit Court.  Accordingly, the *Barton* Doctrine squarely applies to bar Dietrich's sole remaining claim against Simon.  *See, e.g., Estate of Jackson ex rel. Jackson-Platts v. Sandnes*, 2014 WL 408757, at *4 (M.D. Fla. Feb. 3, 2014) (where complaint sought relief against receiver based on duties undertaken at the direction of the state court, allegations of wrongdoing on the part of the receiver "do not insulate this case from the Supreme Court's directive as enunciated in *Barton*").[4]

Dietrich's argument that he "does not need to seek leave from the Wayne County Circuit Court since suit is being brought against Simon … within the meaning of 28 USC §959(a)" is also unavailing.  28 U.S.C. §959(a) provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.  Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

The law is clear, however, that "[t]his exception does not apply to suits against the trustee for actions taken while administering the estate…'Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted.'"  *DeLorean*, 991 F.2d at 1241 (internal citations omitted).  Dietrich makes clear that he is not accusing Simon of improperly "carrying on business" of the Gallery, as that phrase is used in Section 959(a).  To the contrary, Dietrich alleges that Simon "immediately fired all employees, stopped any activities and seized all files.  This effectively shut down [the Gallery's] business …."  (Doc. #1 at ¶36).

---

[4] Moreover, the Wayne County Circuit Court specifically retained jurisdiction of the receivership matter "for all purposes."  (Doc. #10-1 at ¶13).  Allowing Dietrich to proceed against Simon outside of that court, without leave of that court, would improperly deprive that court of jurisdiction over matters pertaining to the receivership.

Accordingly, Section 959(a)'s exception to the *Barton* Doctrine's requirement that Dietrich obtain leave of court in order to pursue a claim against Simon is inapplicable.

For all of the foregoing reasons, pursuant to the *Barton* Doctrine, this Court does not have subject matter jurisdiction to adjudicate Dietrich's remaining claim against Simon. As such, Simon's motion to dismiss (Doc. #10) should be granted.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Simon's Motion to Dismiss [**10**] be **GRANTED** and Dietrich's remaining claim be dismissed.

Dated: September 14, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2016.

                                        s/Eddrey O. Butts
                                        EDDREY O. BUTTS
                                        Case Manager